UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KNIGHT RIDDER**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 04-1896 (GK) |
| | : | |
| **DEPARTMENT OF VETERANS AFFAIRS**, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Plaintiffs, Knight Ridder, Chris Adams, and Alison Young, have moved the Court, pursuant to Fed. R. Civ. P. 15(a), (b), and (d), for Leave to File an Amended and Supplemental Complaint. Upon consideration of the Motion, the Government's Opposition, the Plaintiffs' Reply, and the applicable case law, the Court concludes that the Motion is **granted** for the following reasons.

Plaintiffs claim that, despite having received the records they sought in the nine different FOIA requests which are the subject of their original Complaint, the Department of Veterans Affairs ("VA") continues a pattern and practice of unjustifiably delaying their access to agency records. In addition, Plaintiffs seek to include in their Supplemental Complaint four additional FOIA requests they have made to the VA, subsequent to filing their Complaint, all of which have been denied and which, in their view, exemplify the Agency's alleged pattern and practice of delay.

While the Government's Opposition is by no means frivolous, the Court is well aware of the fundamental principle in this Circuit that an extremely liberal standard governs the granting of leave to amend a complaint. See Fed. R. Civ. P. 15(a); Caribbean Broadcasting System, Ltd. v. Cable & Wireless, P.L.C., 148 F.3d 1080, 1083 (D.C. Cir. 1998). In this instance, the major thrust of

Plaintiffs' Motion is for permission to file a supplemental complaint rather than an amended complaint. Under Rule 15(d) of the Federal Rules, a supplemental complaint may be allowed as long as Plaintiffs' proposed filing would not "significantly alter the nature of [this] proceeding by injecting new and unanticipated claims" which are unrelated to their original nine FOIA requests. Young Women's Christian Association of the National Capital Area v. Allstate Insurance Co. of Canada, 214 F.R.D. 1, 3 (D.D.C. 2003).

Our Court of Appeals has directly addressed these issues in Payne Enterprises, Inc. v. United States, 837 F.2d 486 (D.C. Cir. 1988). Payne was also a FOIA case in which the Air Force repeatedly denied a series of similar FOIA requests until Plaintiff appealed to the District Court. Thereafter, no such requests relating to the subject matter involved in the original requests were denied. However, there was lengthy delay by the VA in ruling on the original requests and adverse commercial impact. The Court of Appeals held:

> that the claimed voluntary cessation of the Air Force practice of refusing to release bid abstracts (absent an appeal to the Secretary of the Air Force) does not render moot Payne's challenge to the Air Force's practice of unjustified delay. . . because the repeated delays Payne suffered in securing that information pursuant to an Air Force practice constitute clear violations of the FOIA, we reverse the District Court's dismissal and remand with instructions to afford Payne declaratory relief and to consider the propriety of injunctive relief.

837 F.2d at 488.

The Court emphasized that "even though a party may have obtained relief as to a specific request under the FOIA, this will not moot a claim that an agency policy or practice will impair the party's lawful access to information in the future. . . . It is clear that Payne's challenge is not moot" (emphasis in original). Id at 491. The question in this case will be whether the VA can satisfy its "heavy burden of demonstrating that there is no reasonable expectation . . . that the alleged violation

will recur." 837 F.2d at 491-492 (emphasis in original), quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)).

    Finally, it should be noted that in its remand the Court of Appeals instructed the District Court to consider the propriety of injunction relief and to "assess the import of events that have occurred" in the interim. 837 F.2d at 495. Thus, it is clear that Plaintiffs have met the standards, as explicated by our Court of Appeals, for being allowed to file a supplemental complaint under Fed. R. Civ. P. 15(a), (b), and (d).[1]

July 14, 2005
                                             /s/
                                             Gladys Kessler
                                             United States District Judge

**Copies via ECF to all counsel of record**

---

[1] Nothing in this Opinion should be taken as a final ruling on the merits of any of the arguments contained in Plaintiffs' Motion papers.